Muir
v.
Demaree.

Nov. 22.

---

## Muir *vs.* Demaree.

On the granting or denial of a new trial by a circuit judge, a rule must be entered to give such effect to such decision at the *next term* after the decision.

An *appeal* from such decision may be made at any time within eight days *after the entry of such rule.*

The defendant applied to the circuit judge, before whom this cause was tried, for a *new trial* on a *case made,* which was argued in *July,* 1832. On the 22d *August* the judge filed his decision denying the new trial at the clerk's office in Geneva. In *September* the defendant appealed to this court, by giving notice to the plaintiff, and entering into the bond prescribed by statute, *Laws of* 1832, *page* 188, § 4 *and* 7, and in *October* term the plaintiff entered judgment upon the verdict in his favor, which the defendant now moved to set aside as irregularly entered.

Nov. 22.

*By the Court,* Nelson, J. By the *second* rule established by this court at the last May term, regulating proceedings in cases of this kind, the decision of the circuit judge is required to be filed in one of the clerk's offices of this court, and the party in whose favor the decision is made is authorized to en-

ALBANY,
Nov. 1832.

ter such rule *to give effect to the decision, as in like cases is entered upon a decision of this court :* such rule, however, not to be entered in *vacation.* The rule to be entered, therefore, in such cases, is a rule granting or denying a new trial, and it must be entered in *term time ;* and within eight days *thereafter,* that is, after the entry of such rule the party intending to appeal must execute the bond required by the statute, or obtain an order staying the proceedings. Such is the purport of the *fourth* rule of *May term* last. The plaintiff's attorney understood the limitation of eight days to run from the filing of the decision, instead of the entry of the rule, and supposing the appeal out of season, entered judgment. In this he erred. The appeal was in season, and the judgment must be set aside.